**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | No. 04 CR 12 |
| ) | Hon. Marvin E. Aspen |
| DOMINGO WILLIAMS. ) | |
| ) | |

## MEMORANDUM AND OPINION

MARVIN E. ASPEN, District Court Judge:

Presently before us is inmate Domingo Williams's motion to modify his term of imprisonment pursuant to 18 U.S.C. § 3582(c). Williams contends that Amendment 782 to the United States Sentencing Guidelines Manual ("Sentencing Guidelines")—which retroactively reduced most drug quantity base offense levels by two—requires a reduction in his sentence. As discussed more below, Amendment 782 does not apply to Williams because we sentenced him as a career offender. Thus, Williams's motion is denied.

## BACKGROUND

In January of 2006, Williams plead guilty to one count of distribution of crack cocaine. In determining his sentence, we found, consistent with the parties' plea agreement, that Williams was a career offender and fell in criminal history category VI. (*See* Plea Agreement at 9, Dkt. 65.) Under the § 4B1.1 career offender sentencing guidelines, his base offense level was 37, which we reduced to 34 based on his acceptance of responsibility. We also found that, under the otherwise applicable sentencing guidelines for drug related offenses, § 2D1.1, Williams's base offense level was 36. We reduced that level by 3 for his acceptance of responsibility, and increased it by 2 for obstruction of justice, resulting in a drug related offense level of 35. According to § 4B1.1, "if the offense level for a career offender from the table in this subsection

is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply." U.S.S.G. § 4B1.1. Since Williams's career offender offense level was not greater than the "otherwise applicable" offense level, we sentenced him based on the higher § 2D1.1 level.

Applying offense level 35 and criminal history category VI, the sentencing guideline range at the time was 292 months to 365 months. (*See* Plea Agreement at 9.) Before sentencing, the parties entered a plea agreement specifying that the sentence would be two-thirds of the low end of the applicable guideline range. (*Id.* at 15.) Based on that agreement, we imposed a sentence of 195 months on May 4, 2006. (Judgment, Dkt. 70.)

Prior to the instant motion, Williams filed two other § 3582(c)(2) motions for reduction of his sentence. The first was improperly denied due to a factual error, but we need not get into the details of that motion here. (*See* Resp. at 4, Dkt. 108.) The second was granted in part based on Amendment 750, which modified the § 2D1.1 base offense level guidelines. Amendment 750 lowered Williams's § 2D1.1 "otherwise applicable" offense level below his § 4B1.1 career offender offense level. We therefore resentenced Williams according to § 4B1.1 guidelines, which reduced his base offense level to 34 and his term of imprisonment to 174 months. (4/9/12 Order, Dkt. 100.)

On November 10, 2014, Williams filed his third § 3582(c)(2) motion, arguing that his sentence should be further reduced based on recently promulgated Amendment 782. (Mot., Dkt. 105.) Williams contends that Amendment 782 applies to his sentence retroactively. The Government agrees that Amendment 782 is retroactive, but disagrees that it applies to Williams because he was sentenced as a career offender.

# ANALYSIS

Under 18 U.S.C. § 3582(c)(2), district courts have the authority to modify a term of imprisonment when a defendant was sentenced based on a guideline range that is subsequently lowered by amendment to the Sentencing Guidelines. When determining whether a sentencing adjustment is warranted pursuant to § 3582(c)(2), the court must "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). "The court shall substitute only the [applicable amendment] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Id.* If the amendment does not lower the guideline range under which the defendant was sentenced, a reduction in sentence is not authorized. U.S.S.G. § 1B1.10(a)(2); *United States v. Taylor*, 778 F.3d 667, 672 (7th Cir. 2015).

Amendment 782 became effective on November 1, 2014, reducing by two the offense levels in the Drug Quantity Table for § 2D1.1 of the Sentencing Guidelines.[1] The Amendment applies retroactively, thus defendants who were sentenced under § 2D1.1 before November 1, 2014 may be entitled to sentence reductions. U.S.S.G. § 1B1.10(d), (e)(1); *see United States v. Hayden*, 775 F.3d 847, 850 (7th Cir. 2014). Amendment 782 does not apply to drug offenders whose sentences were based upon offenses levels calculated by guidelines other than the Drug Quantity Tables in § 2D1.1. Career offenders convicted of drug related offenses are often sentenced under the career offender guidelines in § 4B1.1, instead of the drug based guidelines in § 2D1.1. Amendment 782 did not modify the sentencing ranges for career offenders under § 4B1.1. Thus, Amendment 782 does not entitle defendants sentenced under § 4B1.1 to a

---

[1] Section 2D1.1 sets base offense levels for most drug related offenses.

reduced term of imprisonment. *United States v. Thomas*, 775 F.3d 982, 983 (8th Cir. 2014); *United States v. Daniels*, No. 8 CR 30185, 2015 WL 1228904, at *2 (S.D. Ill. Mar. 16, 2015); *United States v. Garrett*, No. 93 CR 40032, 2015 WL 764024, at *1–2 (S.D. Ill. Feb. 23, 2015).

Although we did not originally sentence Williams based on § 4B1.1 career offender guidelines, we did determine that those guidelines were applicable to him. The only reason that we did not initially sentence Williams under the career offender guidelines is because his offense level under those guidelines was lower than under the drug based guidelines. After Williams's second § 3582(c)(2) motion, we resentenced him as a career offender because Amendment 750 reduced the otherwise applicable guidelines below the career offender guidelines.

Applying the § 4D1.1 guidelines to Williams's sentence was, and is still, appropriate. When considering whether an amendment to an applicable guideline requires a reduction in a defendant's sentence, the court "shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). In other words, even though Amendment 782 modifies the guidelines applicable to Williams under § 2D1.1, we must still consider his status as a career offender before reducing his sentence. If Amendments 750 or 782, had been in effect at the time of Williams's original sentencing, we would have sentenced him using the § 4B1.1 career offender guidelines. *See* U.S.S.G. § 1B1.10(b)(1). Now that the otherwise applicable guidelines are lower than the career offender guidelines, Williams's sentence is properly based on the career offender guidelines. *United States v. Banks*, 770 F.3d 346, 349–50 (5th Cir. 2014) (affirming district court's recalculation of defendant's sentence under career offender guidelines after an amendment lowered the guidelines used in the defendant's original sentencing); *United States v. Counts*, 500 F. App'x 220, 221 (4th Cir. 2012) (finding § 4B1.1 guidelines controlled after Amendment 750 reduced the § 2D1.1 guidelines applied at the defendant's initial sentencing);

*United States v. Applefield*, 521 F. App'x 793, 795 (11th Cir. 2010) (explaining that in deciding whether a sentence should be reduced based on an amendment, the court must consider "whether § 4B1.1's table produce[s] a higher offense level than [the] amendment 2D1.1(c) offense level").

Permitting Williams to now evade the higher career offender sentencing guidelines—which are and have always been applicable to him—would risk underrepresenting his status as a career offender and creating undesirable disparities between him and similarly situated offenders. *See United States v. Rivera*, 535 F. Supp. 2d 527, 531 (E.D. Pa. 2008). This result would be inconsistent with applicable policy statements issued by the Sentencing Commission. For example, in its commentary to Amendment 782, the Commission explained that even after Amendment 782, "guideline enhancements for offenders who . . . are . . . career offenders, ensure that the most dangerous or serious offenders will continue to receive appropriately severe sentences." U.S.S.G. Supp. to App. C at 74 (2014).

Sentencing Williams below the career offender guidelines would be contrary to the Sentencing Commission's policies, and Amendment 782 does not modify those guidelines. Since Williams was properly sentenced as a career offender, we find that Amendment 782 does not entitle Williams to a further reduction in his sentence.

## CONCLUSION

For the reasons discussed above, Williams's motion for a reduction in his term of imprisonment is denied. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: April 9, 2015
       Chicago, IL